CHARLES (MUTUAL BENEFIT LIFE INS. CO. v.). See Case No. 9,975.

CHARLES (UNITED STATES v.). See Case No. 14,786.

CHARLES AVERY, The (SPENCER v.). See Case No. 13,232.

---

## Case No. 2,616.

### The CHARLES F. PERRY.

[1 Lowell, 475.] [1]

District Court, D. Massachusetts. Sept. 1870.

#### SEAMEN—EXTRA SERVICES.

A seaman who was shipped as cook on a foreign voyage, and who performed extra services as stevedore in a foreign port, may proceed in the admiralty for compensation for the extra services, though his wages as cook have been paid in full.

[Cited in The Artisan, Case No. 568.]

In admiralty. The libellant shipped at New York in January, 1870, on board the Charles F. Perry, for a voyage to Rosario, in South America, and back to Boston, at thirty dollars a month. At the foreign port he did the work of a stevedore, by the request of the master, and thus saved a considerable sum to the vessel. besides paying a man to do his work as cook. His services as stevedore were much more laborious and valuable than those of a cook. The special bargain alleged in the libel was not found by the court to be proved, but he was considered, on the facts, entitled to a quantum meruit.

C. G. Thomas, for libellant.

H. C. Hutchins & H. H. Currier, for claimants.

The court has no jurisdiction to enforce payment of a stevedore's wages. The Amstel [Case No. 339]; Phillips v. The Thomas Scattergood [Id. 11,106].

LOWELL, District Judge. I do not care to criticise the cases cited for the claimants, though I doubt their soundness. This is not a libel by a stevedore for stowing a vessel, but of a cook demanding extra wages for work done on board the vessel beyond the limits of his original contract, and not so sharply distinguished from it that he is obliged to split his bill into two parts, and proceed for one here and for the other at common law. This case is much like those in which Judge Sprague held that where the principal contract was maritime, the

---

[1] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]

jurisdiction of the admiralty would not be defeated by the fact that some incidental services were performed on land. The Mary [Case No. 9,188]; The Canton [Id. 2,388]; The Brookline [Id. 1,937]. There are many voyages in which the seamen perform more or less work on shore, as in a trading voyage to the west coast of America for hides, made famous by Mr. Dana's book; or in the pursuit of seals and sea elephants, voyages which I have often settled in this court. So captures in time of war made on land by boats' crews sent from a public ship are held to come within the province of the prize courts. Lindo v. Rodney, 2 Doug. 613, note. It is true that the admiralty courts in England, before the year 1861, were prohibited from entertaining suits upon special contracts, and they were accustomed to strike out of the libel any items of charge which had such an origin. But this illiberal and inconvenient course which was forced upon those courts by superior authority, against their protest, has never obtained in this country, and has now been abrogated in England.

I am clearly of opinion that where a seaman is entitled to payment for incidental services performed in the course of the voyage, whether by virtue of his original contract or not, his whole demand may be recovered in a suit against the vessel in this court, though a part of the work done, taken by itself, would not be considered of a maritime nature. I cannot see that it makes any difference whether the original contract or some additional and supplementary contract is appealed to. After the bargain is made the parties have the same rights as if it had been agreed in the beginning.

It is suggested, indeed, that here the contract wages have all been paid, leaving only those as stevedore to be recovered. But this is a mere accident. It may with as much truth be said that a sum equal to the wages has been paid, on account. The mode and time of payment cannot sever the demand and oust the jurisdiction, if the whole cause of action were fairly within the cognizance of this court before the payment was made.

Decree for the libellant for $84 and costs.