## THE MINNA.

### (*District Court, E. D. Michigan.* May 1, 1882.)

SEAMENS' WAGES—FISHING VOYAGE—ACTION AGAINST VESSEL.

Persons employed upon a fishing tug, solely for the purpose of catching and preserving fish, are entitled to proceed against the vessel for the recovery of their wages, notwithstanding the fact that they take no part in the navigation of the vessel, and that an incidental portion of their duties is performed on shore.

In Admiralty.

This was a libel for services performed as fishermen on board the Minna. The testimony showed that the Minna was employed solely in fishing, running out from Alpena every morning, from 15 to 25 miles, to the fishing grounds, throwing her nets and making a lift or catch of fish, and returning the same evening to port, where the fish were discharged and prepared for market. Her crew consisted simply of a master and engineer. Libellant took no part in the navigation of the vessel, but was employed solely as a fisherman. His contract required him to go out with the tug every day, to set and lift the nets, clean the fish, discharging the catch and reeling the nets on shore. He also lodged ashore at night.

*F. H. Canfield*, for libellant.

*John C. Donnelly*, for claimant.

BROWN, D. J. At first blush I was inclined to the opinion that libellant's services, not being maritime in their character, were not such as to create a lien upon the vessel. The earlier cases collated in 2 Parsons, Shipping, 185, indicate that mere landsmen have no lien unless their labors contribute to the preservation or navigation of the ship, or to the sustenance or health of the crew. See, also, *Gurney*

v. *Crockett*, Abb. Adm. 490; *Cox* v. *Murray*, Id. 340. But, upon reflection, I am satisfied the sounder principle is that stated in Ben. Adm. § 241, and *The Ocean Spray*, 4 Sawy. 105, viz.: that all hands employed upon a vessel, except the master, are entitled to a lien if their services are in furtherance of the main object of the enterprise in which she is engaged. Any other rule would put large classes of persons employed upon steam-boats outside the pale of admiralty law. I have never heard it questioned but that the deck hands of a lake propeller, whose duties are simply to load and discharge fuel and freight, as well as the stewards, waiters, cooks, and chambermaids of passenger steamers, are entitled to proceed *in rem* for their wages, though none of them performed services of a maritime character. So, I take it, if men should engage upon a whaling voyage solely for their skill in finding or catching whales, or trying out oil, they would be regarded as mariners, and be entitled to the same remedies as the crew, though they took no part in the navigation of the ship. The test is whether the services are for the benefit of a vessel engaged in commerce and navigation. If there be a failure in either respect, viz., in the character or in the nature of the ship's employment, there is no lien.

I do not regard the fact that libellant slept upon shore at night, and there reeled out and mended the nets, as qualifying in any way the nature of his contract. These services were merely incidental and subsidiary to his main contract. *The Canton,* 1 Spr. 437; *The Mary*, Id. 204.

Upon the facts I think that libellant is entitled to recover. The testimony of both himself and the master shows that he was hired at $35 per month. The burden of showing that he was hired for the entire season, and that he deserted the ship, is upon the claimant, and I do not think he has established these facts by a preponderance of testimony.

A decree will therefore be entered in favor of the libellant.

NOTE. All persons employed on a vessel to assist in the main purpose of the voyage are mariners, and are included under the name of seamen, (*The Louisiana*, 2 Pet. Adm. 268; *Turner's Case*, 1 Ware, 88; *The Brandywine*, Newb. 5; *The Highlander*, 1 Spr. 588; *Wolverton* v. *Lacey*, 18 Law Rep. 672; *Wheeler* v. *Thompson*, 2 Strange, 707; *The Jane and Matilda*, 1 Hagg. Adm. 187; *The Prince George*, 3 Hagg. Adm. 376;) and have a lien for their wages, (*The Ocean Spray*, 4 Sawy. 105.) It was not limited to acts done for the benefit of the ship, or in the actual performance of seamen's duties. *Ringold* v. *Crocker*, Abb. Adm. 346; *Reed* v. *Canfield*, 1 Sumn. 195. Any service is maritime if substantially to be performed on water within the ebb and flow of

the tide. *The D. C. Salisbury*, Olcott, 73. So the clerk of a steamboat is a seaman, (*The Sultana*, 1 Brown, Adm. 13; *The Superior*, Gilp. 514; *The Prince George*, 3 Hagg. Adm. 376; *Mills* v. *Long*, 2 Dods. 105; *Wilson* v. *Ohio*, Gilp. 505; *Ross* v. *Walker*, 2 Wils. 264;) so cabin boys, cooks, (*Allen* v. *Hallett*, Abb. Adm. 576; *The Mentor*, 4 Mason, 84; *The Orozimbo*, Abb. Adm. 576; *The Charles F. Perry*, 1 Low. 475; *The Thomas*, Bee, 86,) carpenters, (*The Louisa*, 2 Wood. & M. 53; *The Lord Hobart*, 2 Dods. 103,) pilots, (*The Æolian*, 1 Bond, 267;) stewards, chambermaids, (*Gurney* v. *Crockett*, Abb. Adm. 459;) and female cooks are mariners, (*Gurney* v. *Crockett*, Abb. Adm. 492.) The maxim that freight is the mother of wages does not apply to a fishing voyage. *The Ocean Spray*, 4 Sawy. 105.—[ED.