## THE ZAPORA.

(District Court, W. D. Washington, S. D.   January 15, 1912.)

No. 866.

SALVAGE (§ 18*)—PERSONS ENTITLED TO COMPENSATION—SERVICES RENDERED TO VESSEL BY FISHING CREW.

Fishermen *held* to bear such relation to the vessel on which they were employed that they were not in the position of salvors, and not entitled to salvage compensation for services rendered in her aid.

[Ed. Note.—For other cases, see Salvage, Cent. Dig. §§ 31–43; Dec. Dig. § 18.*]

In Admiralty. Suit by Albert J. Keil and others against the steam vessel Zapora; the International Fisheries Company, claimant. On exceptions to amend libel. Exceptions sustained.

The amended libel in rem filed by 24 fishermen against the steam vessel Zapora alleged that the libelants were fishermen fishing on lays, such lays consisting of an oral agreement with the owner of the vessel by which each libelant was to be paid one cent per pound for the fish caught by him, the owner to provide food and quarters; that none of the libelants were employed to take part in the navigation of the vessel; their duties being confined to catching fish, except that it was the custom for each libelant to stand a trick of one hour at the wheel in each 24 hours; that the vessel sailed from Tacoma upon a fishing voyage in northern waters, and on December 13, 1910, struck a reef on the western coast of Alaska and stranded; that at the request of the master libelants for many hours devoted their time and effort to relieve the vessel from her precarious position, and by their labor succeeded in lightening the vessel, so that she was floated, and was able to and did return to Tacoma under her own steam.

Frank H. Kelley, of Tacoma, Wash., for libelants.

Huffer, Hayden & Hamilton, of Tacoma, Wash., for claimant, cited Hobart v. Drogan, 10 Pet. 108, 9 L. Ed. 363; The Ocean Spray, Fed. Cas. No. 10,412; Knight v. Parsons, Fed. Cas. No. 7,886; U. S. v. Cutler, Fed. Cas. No. 14,910; Commonwealth v. Douglas, 17 Mass. 49; Bayley v. Merritt, 19 Mass. (2 Pick.) 597; The Minna (D. C.) 11 Fed. 759; The Nereid (D. C.) 67 Fed. 602; The M. M. Morrill (D. C.) 78 Fed. 509; The Barbara Hernster, 146 Fed. 732, 77 C. C. A. 158; The Carrier Dove, 97 Fed. 111, 38 C. C. A. 73; Kidney v. The Ocean Prince (D. C.) 38 Fed. 259; Phillips v. McCall, Fed. Cas. No. 11,104; The C. P. Minch (D. C.) 61 Fed. 511; Id., 73 Fed. 859, 20 C. C. A. 70; The C. F. Bielman (D. C.) 108 Fed. 878; Gilbraith v. Stewart Transp. Co., 121 Fed. 540, 57 C. C. A. 602, 64 L. R. A. 193; Abbott on Shipping (14th Ed.) 965; Owners of the Sappho v. Denton, 3 Law Reports, Privy Council, 694; Kennedy, Law of Civil Salvage, 76; 2 Pritchard's Admiralty Digest, 1807; The Neptune, 1 Hagg. 237; The Florence, 16 Jur. 572, 19 L. T. 304; The Emulous, 1 Sumn. 207, Fed. Cas. No. 4,480; Mason v. The Blaireau, 2 Cranch, 240, 2 L. Ed. 266; The Aguan (D. C.) 48 Fed. 320; The Warrior, 1 Lushington, 476, 6 L. T. N. S. 133; The Verde, 30 L. J. Admiralty, 209; The Pennsylvania, Fed. Cas. No. 10,945; The Great Eastern, Fed. Cas. No. 14,110; Candee v. Bales of Cotton (D. C.) 48 Fed. 479;

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Sinclair v. Cooper, 108 U. S. 352, 2 Sup. Ct. 754, 27 L. Ed. 751; The Brabo (D. C.) 33 Fed. 884; The Marie (D. C.) 49 Fed. 286; Tucker v. Alexandroff, 183 U. S. 424, 22 Sup. Ct. 195, 46 L. Ed. 264; Coffin v. Jenkins, 5 Fed. Cas. 1,188-1,190 (No. 2,948); Thomas v. Osborne, 60 U. S. (19 How.) 22, 15 L. Ed. 534; The Crusader, Fed. Cas. No. 3,456; 35 Cyc. 739; 24 Am. & Eng. Enc. of Law (2d Ed.) 1,192; The Acorn, Fed. Cas. No. 30; The Aroma Mills, Fed. Cas. No. 2,041; The D. M. Hall, Fed. Cas. No. 3,939; The D. W. Vaughan, Fed. Cas. No. 4,222.

DONWORTH, District Judge. Under the authorities, I see no escape from the conclusion that the libelants bore such relation to the ship at the time of the occurrences described in the amended libel that they were not in the position of salvors and are not entitled to salvage compensation.

It is therefore ordered that claimant's exceptions to the amended libel be, and they are, hereby sustained.