**Robert L. HARRISON, Libelant,**

v.

**THE BEVERLY LYNN, her engines, tackle, appliances, appurtenances, etc., Respondent.**

**No. 2–59.**

United States District Court
D. Puerto Rico,
San Juan Division.

May 22, 1959.

Stanley L. Feldstein and Harvey B. Nachman, San Juan, P. R., for libelant.

W. H. Beckerleg, San Juan, P. R., for respondent.

RUIZ-NAZARIO, District Judge.

This action is now before the Court on respondent's exceptions to the libel.

As grounds for the exceptions it is alleged:

"First: That the facts averred in the libel do not give rise to any maritime lien upon the MV Beverly Lynn.

"Second: That the facts averred in the libel do not constitute a cause of action within the admiralty and maritime jurisdiction of this court."

In its memorandum as well as in its oral argument in support of said exceptions, the respondent has contended by quoting paragraphs Twelfth, Thirteenth and Seventeenth of the libel, that inas-

much as libelant seeks support for his claim in Title 46 U.S.C.A., Chap. 17, Sections 531 and 533,

(1) the facts averred in the libel do not give rise to a lien, or

(2) constitute a cause of action, within the admiralty jurisdiction of the Court.

Respondent's reasoning is that Sec. 531, Title 46 U.S.C.A., Chap. 17 only mentions *cod* fisheries, or the *mackerel* fishery, and since the libel herein concerns a contract dealing with tuna catch or fishery, therefore, neither said section, nor Section 533 of the same Title 46 U.S. C.A. nor any provision of Chap. 17, thereof, apply to this action, and that on this account the facts averred in the libel do not give rise to a lien on the respondent vessel and in favor of libelant, for his agreed share in the catch or proceeds thereof, in lieu of wages, nor do such facts constitute a cause of action, within the admiralty jurisdiction of the court.

In the first place, the only purpose of Title 46 U.S.C.A., Chapter 17, Section 531 is to *compel* the vessels therein mentioned, when engaged in carrying on the bank and other cod fisheries, or the mackerel fishery, bound for a port of the United States, to make an agreement in writing with every fisherman who may be employed therein, pursuant to the terms provided in said section. It does not *preclude* other fishing vessels, engaged in other fisheries, from making similar agreements with their fishermen, on the basis of a share of the catch of whatever other fish they may be engaged in fishing.

And all that Sec. 533, Title 46 U.S.C.A., does is to establish, in favor of the cod or mackerel fisherman with whom such a contract for a share of the catch or its proceeds may have been entered into under Sec. 531, a lien on the vessel, which may be proceeded against "in the same form and to the same effect as any other vessel is by law liable, and may be proceeded against for the wages of seamen or mariners in the merchant service".

The court entertains no doubt that fishermen on shares other than cod and mackerel fishermen, have a lien on the vessels on which they are hired and are entitled to bring libels in rem against said vessels to recover their shares of the catch or the proceeds thereof, in lieu of wages. See The Minna, D.C., 11 F. 759; The Carrier Dove, 1 Cir., 97 F. 111; The Georgiana, 1 Cir., 245 F. 321; The I.S.E., 9 Cir., 15 F.2d 749; United States v. Laflin, 9 Cir., 24 F.2d 683.

Also see, Putnam v. Lower, 9 Cir., 236 F.2d 561, at pages 569, 570, where it was said:

"That the initial exercise of power therein was maritime is clear, since the cause originated as a libel for wages and damages resulting from wrongful action relating to a fishing lay. Ever since the opinion of Justice Story in Harden v. Gordon, 1823, Fed.Cas.No.6,047, 2 Mason 541, it has been settled in the maritime law of the United States that seamen are the wards of Admiralty, and as such the courts of admiralty vigilantly guard against any encroachment upon their rights. The jurisdiction of courts of admiralty over the wage claims of seamen is anciently established. From the dawn of maritime commerce, the necessity for skilled and courageous mariners has been recognized and the law has jealously protected them as to certain and prompt payment of wages or compensation by other methods. Originally, seamen were compensated by a stake or share in the profits of the voyage. More recently, it has become customary to pay fixed wages, but the old form survives in the lay plan employed in the more speculative pursuits of sealing, whaling, and fishing. Fishermen, although possessing wages and customs peculiar to their business, are nonetheless seamen, and in general receive the same protection. Therefore, despite compensational differences, lay fishermen or sharesmen possess a right similar to that enjoyed by regular

seamen, to lien the vessel and catch on board to secure their compensation, and this right is maritime in nature".

Moreover, libelant, in his libel, does not limit his request for relief on Title 46 U.S.C.A., Chapter 17, Sections 531, 533, but also "on the general admiralty and maritime law" (See Par. Fourteenth of the libel).

It follows, therefore, that the facts alleged in the libel give rise to a maritime lien upon the MV Beverly Lynn, and constitute a cause of action within the admiralty and maritime jurisdiction of this court, and that respondent's exceptions to the libel must be denied.

It is so ordered.